UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
NAISHEL SOPHIA,                                             :
                                        Petitioner,         :
                                                            :      19 Civ. 9599 (LGS)
                -against-                                   :
                                                            :      OPINION AND ORDER
THOMAS DECKER, et al.;                                      :
                                        Respondents.        :
                                                            :
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/14/2020

LORNA G. SCHOFIELD, District Judge:

Petitioner Naishel Sophia, a native and citizen of Netherlands Antilles and a lawful permanent resident ("LPR") of the United States, is being detained by U.S. Immigration and Customs Enforcement ("ICE") pending his removal proceedings. He filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 seeking an Order enjoining Respondents from moving him from New York City while habeas proceedings are pending and directing Respondents to release him or provide him with a bond hearing that includes procedural safeguards. For the reasons below, Petitioner's requests for a Writ of Habeas Corpus and an individualized bond hearing are granted.

I.  BACKGROUND

Petitioner entered the United States in 2011. In October 2013, he became a lawful permanent resident. In June 2018, Petitioner pleaded guilty to one count of a controlled substance offense. On July 17, 2019, ICE arrested Petitioner and placed him in removal proceedings. ICE charged Petitioner as deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) and (B), for having been convicted of a controlled substance offense and an "aggravated felony," based on his 2018 drug conviction.

On July 23, 2019, Petitioner moved for leave to file a notice of appeal pursuant to New York Criminal Procedure Law § 460.30. The Supreme Court of the State of New York, Appellate Division, Second Department, granted the motion to accept the notice of appeal on September 17, 2019.

On September 19, 2019, Petitioner filed a motion to terminate removal proceedings, contending that his state law conviction was not final and therefore he could not be subject to mandatory detention pursuant to 8 U.S.C. § 1226(c), which requires the detention of any alien who has committed certain criminal offenses. On October 17, 2019, the Immigration Judge denied the motion to terminate proceedings. On December 2, 2019, the Immigration Court issued a final decision finding that the Department of Homeland Security ("DHS") had established removability. On December 5, 2019, Petitioner appealed that decision to the Board of Immigration Appeals. His appeal is pending. Petitioner has been detained at the Essex County Correctional Center for almost seven months in conditions identical to those serving criminal sentences.

## II. DISCUSSION

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "The allegations of a return to the writ of habeas corpus or of an answer . . . if not traversed, shall be accepted as true except to the extent that the judge finds from evidence that they are not true." 28 U.S.C. § 2248.

### A. The First and Second Causes of Action

The Petition's first two causes of action allege that the decision to detain Petitioner violates both the Immigration and Nationality Act and the Fifth Amendment. The Court lacks

subject matter jurisdiction over these allegations because they are challenges to his removal proceedings.

Claims arising from removal proceedings may be heard only in the Court of Appeals. "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order." 8 U.S.C. § 1252(b)(9). Judicial review of a final order may occur exclusively through a petition for review in the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). Section 1252(b)(9) expressly denies district courts jurisdiction to review, via habeas petitions, an order of removal or "questions of law or fact, including interpretation and application of constitutional provisions arising from any action . . . to remove an alien from the United States." *Id*.

"Where immigrants in removal proceedings seek to directly or indirectly challenge removal orders or proceedings, the Second Circuit and district courts within the circuit have held district courts do not have jurisdiction." *P.L. v. U.S. Immigration & Customs Enf't*, No. 19 Civ. 1336, 2019 WL 2568648, at *2 (S.D.N.Y. June 21, 2019) (collecting cases); *accord Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). While Section 1252(b)(9) "should not be construed broadly," *P.L.*, 2019 WL 2568648, at *2, the statutory text must be followed; a Court's subject matter jurisdiction may "not . . . be expanded by judicial decree." *Kokkonen v. Guardian Life ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743, 1746 (2019).

Section 1226(c)(1)(B) states that "[t]he Attorney General shall take into custody any alien who . . . is deportable by reason of having committed any offense covered in section

3

1227(a)(2)(A)(iii), (B), (C), or (D) of this title." This Petition does not address whether § 1227(a)(2) would cover Petitioner's controlled substance offense if his charge were final. Instead, Petitioner contends that because his controlled substance offense is not final, it cannot be the basis for detention under § 1226(c). As this alleged legal error is a "question[] of law . . . arising from [an] action taken . . . to remove an alien," § 1252(b)(9) strips this Court of jurisdiction to review this question of law. *See P.L.*, 2019 WL 2568648, at *3 (holding that the Court lacks subject matter jurisdiction to review petitioner's claim pursuant to § 1252(b)(9)); *Qiao v. Lynch*, 672 F. App'x 134, 135 (2d Cir. 2017) (summary order) (affirming a dismissal for lack of subject matter jurisdiction pursuant to § 1252(b)(9)).

Petitioner contends that because a determination on this Writ would not *in fact* affect his removability, but just *imply* whether he is legally in removal proceedings, the bar on jurisdiction does not apply. This is an inappropriately narrow interpretation of the Court's subject matter jurisdiction, which is presumptively limited and may "not . . . be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Home Depot U.S.A. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Petitioner's argument also misconstrues the statute, which states that the bar applies to "question[s] of law" that "aris[e] from [an] action taken . . . to remove an alien," and is not limited to questions of law that would in fact determine removability.

Petitioner also objects that a jurisdictional bar on determining whether § 1226(c) authorizes detention "allow[s] the government to make egregious errors of law in depriving individuals of their liberty" and forecloses any opportunity for Petitioner to seek review of his detention. The argument is incorrect. Petitioner can seek review of his detention through the administrative appeal process before the BIA, followed by filing a petition for review in the

4

Second Circuit. *See* 8 U.S.C. § 1252(a)-(d). Indeed, Petitioner's pending appeal to the BIA of the Immigration Court's decision finding that the DHS had established removability acknowledges that this other recourse exists.

### B. The Third Cause of Action

The third cause of action alleges that the failure to provide Petitioner with a bond hearing that includes additional procedural safeguards violates the Fifth Amendment. The Petition is granted in part as to this cause of action.

#### 1. Applicable Law

Numerous courts in this Circuit have concluded that aliens subject to mandatory detention under 8 U.S.C. § 1226(c) "are entitled to individualized determinations as to their risk of flight and dangerousness when their continued detention becomes unreasonable and unjustified." *Brissett v. Decker*, 324 F. Supp. 3d 444, 451 (S.D.N.Y. 2018); *see, e.g. Constant v. Barr*, 409 F. Supp. 3d 159, 171-72 (S.D.N.Y. 2019); *Cabral v. Decker*, 331 F. Supp. 3d 255, 260-63 (S.D.N.Y. 2018); *Vallejo v. Decker*, No. 18 Civ. 5649, 2018 WL 3738947, at *3 (S.D.N.Y. Aug. 7, 2018); *Hernandez v. Decker*, 18 Civ. 5026, 2018 WL 3579108, at *10 (S.D.N.Y. July 25, 2018); *Sajous v. Decker*, No. 18 Civ. 2447, 2018 WL 2357266, at *8-9 (S.D.N.Y. May 23, 2018).

Courts consider several factors to determine whether a bond hearing is warranted when an alien is detained under § 1226(c). *See, e.g.*, *Cabral*, 331 F. Supp. 3d at 261 (listing factors). The most important factor is the length of detention. *See Sajous*, 2018 WL 2357266, at *10. Though detention beyond six months is not *per se* unconstitutional, *see Jennings v. Rodriguez*, 138 S. Ct. 830, 848-851 (2018), the longer the detention, the more likely it is to be unreasonable and thus contrary to due process in the absence of a bond hearing.

5

A second factor is where responsibility for any delay lies and the purpose of the delay. *See Johnson v. Orsino*, 942 F. Supp. 2d 396, 409 (S.D.N.Y. 2013) ("[T]he Court must assess the duration of the detention in the proper context, considering factors such as which party bears responsibility for the prolonged detention"). "[A]liens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Sajous*, 2018 WL 2357266, at *10. If the immigration court or immigration officials bear responsibility for the undue delay, the continued detention is more likely unreasonable. *Id*. at *10-11.

A third factor is whether the alien has asserted any defenses to removal. *Id*. at *11. Mandatory detention "is premised upon the alien's *presumed* deportability and the government's *presumed* ability to reach the removal decision within a brief period of time." *Id*. (emphasis in original). As that presumption grows weaker, "the categorical nature of the detention [becomes] increasingly unreasonable." *Id*. (internal citation omitted).

The final factors are "whether the alien's civil immigration detention exceeds the time the alien spent in prison for the crime that rendered him removable" and "whether the facility for civil immigration detention is meaningfully different from a penal institution for criminal detention." *Id*.

### 2. Petitioner's Entitlement to a Bond Hearing

Petitioner's allegations concerning the length and conditions of his detention are not opposed and therefore are accepted as true. Based on these facts, the Fifth Amendment's Due Process Clause requires that Petitioner receive a bond hearing to determine his risk of flight and dangerousness. *See Demore v. Kim*, 538 U.S. 510, 532 (2003) (Kennedy, J., concurring) ("[S]ince the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent

6

resident alien such as [Petitioner] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified").

First Petitioner has been detained for approximately seven months. This length of time is within the range that courts in this District have found a due process violation when considering all of the relevant factors. *See, e.g.*, *Cabral*, 331 F. Supp. 3d at 261 (ordering a bond hearing where petitioner was detained for seven months); *Alberto v. Decker*, No. 17 Civ. 2604, 2017 WL 6210785, at *7 (S.D.N.Y. Nov. 21, 2017) ("Considering the circumstances of Alberto's case, the indefinite detention [under § 1225(b)] without a hearing is a deprivation of due process of law. . . . [Alberto] has been detained for an undue period of time (seven months) without a bond hearing"); *Morris v. Decker*, No. 17 Civ. 2224, 2017 WL 1968314, at *5 (S.D.N.Y. May 11, 2017) (ordering a bond hearing after stating that "the circumstances particular to this Petitioner heighten the due process concern in this case" and noting that petitioner's "detention, which has exceeded seven months, without an individualized bond hearing violates the core protections guaranteed by the Due Process Clause[]").

Second, there is no evidence that the length of Petitioner's detention is due to efforts to "gam[e] the system," but instead because he is appealing his order of removability, a legitimate step that he is entitled to under law. *See Fortune v. Decker*, No. 19 Civ. 9740, 2019 WL 6170737, at *4 (S.D.N.Y. Nov. 20, 2019) ("Adopting such reasoning would penalize Fortune for defending herself by raising and investigating non-frivolous claims"). The record indicates that the length of his detention is primarily due to his efforts to ensure that he could proceed with legal counsel, his compliance with the Immigration Judge's schedule, and his decision to appeal the final decision concluding that the DHS had established removability.

Third, Petitioner has asserted a defense to his removal, which weighs in favor of ordering that a bond hearing occur. *Sajous*, 2018 WL 2357266, at *11. Finally, Petitioner is being detained at the Essex County Correctional Center, a county jail where he experiences punitive conditions identical to those serving criminal sentences. This also favors the petitioner. *See Cabral*, 331 F. Supp. 3d at 262.

Based on all of these factors, "due process requires that [Petitioner] be given a bond hearing where an individualized determination can be made as to whether he should remain confined for the duration of his immigration proceedings." *Constant*, 409 F. Supp. 3d at 171.

Respondents contend that the statutory basis for Petitioner's detention prohibits a bond hearing except in limited cases that are not applicable here. However, because Petitioner has appealed whether mandatory detention applies to him, the constitutional concern that the detention is unreasonable and unjustified remains present. *Demore*, 538 U.S. at 532 (Kennedy, J., concurring).

Respondents also emphasize that mandatory detention without a bond hearing ensures that aliens will appear at future immigration proceedings and protects the community from aliens who have already committed serious crimes. The Government will have an opportunity to argue at the bond hearing that these interests, when applied to Petitioner, warrant denying his release. *See id*. Respondents also contend that no bond hearing is warranted because there is no evidence that the immigration court or immigration officials were responsible for undue delay. However, detention can be unconstitutionally unreasonable even when the Government did not intentionally cause the length and conditions of detention to reach an untenable limit. *See Sajous*, 2018 WL 2357266, at *10-11 (outlining several factors to consider when determining whether an alien's conditions of

8

confinement require a bond hearing, including the length of detention and the conditions of detention along with whether the Government contributed to the length).

### 3. Procedural Safeguards and Other Requested Relief

Petitioner seeks an Order enjoining Respondents from moving him from New York City while habeas proceedings are pending. Petitioner also requests that he be released, or in the alternative, receive a bond hearing with the following procedural safeguards: (1) that he be present in-person for the bond hearing; (2) that the DHS carry the burden of proof to establish by clear and convincing evidence that he poses a flight risk or a future danger to the public; (3) that the adjudicator may not give undue weight to the allegations underlying Petitioner's dismissed criminal charges; (4) that the adjudicator be required to meaningfully consider alternatives to imprisonment such as release on recognizance, parole, or electronic monitoring; and (5) that the adjudicator be required to meaningfully consider his ability to pay if setting a monetary bond.

The Petition offers no basis for enjoining Respondents from moving Petitioner from New York City while habeas proceedings are pending and no basis for his release without a bond hearing. The Petition does provide a constitutional basis for Petitioner to receive a bond hearing. The procedural safeguards are required if they are necessary for the bond hearing to comply with due process. *See Hernandez v. Decker*, 18 Civ. 5026, 2018 WL 3579018, at *11 (noting that bond hearings must comply with constitutional due process).

"The vast majority of courts in this Circuit to have considered [the proper standard of proof in a bond hearing for a petitioner detained pursuant to § 1226(c)] have found that imposing a clear and convincing standard [on the Government] would be most consistent with due process." *Constant*, 409 F. Supp. 3d at 172 (collecting cases); *see also Sajous*, 2018 WL 2357266, at *12 (collecting cases). Other courts have also determined that due process requires

9

the adjudicator "to consider ability to pay and alternative conditions of release in setting bond." *Constant*, 409 F. Supp. 3d at 172; *see also Hernandez v. Sessions*, 872 F.3d 976, 991 (9th Cir. 2017) ("A bond determination that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests."). These two procedural safeguards -- a clear and convincing standard of proof, and consideration of the ability to pay and conditions of release -- are the two conditions most often ordered as constitutionally necessary. *See, e.g., Sanchez v. Decker*, 18 Civ. 8798, 2019 WL 7047328, at *5-6 (S.D.N.Y. Dec. 23, 2019) (collecting cases); *Arce-Ipanaque v. Decker*, 19 Civ. 1076, 2019 WL 2136727, at *3 (S.D.N.Y. May 15, 2019) (collecting cases).

Accordingly, the following conditions must be in place for Petitioner's individualized bond hearing: (1) the DHS must carry the burden of proof to establish by clear and convincing evidence that Petitioner poses a flight risk or a future danger to the public; (2) the adjudicator must meaningfully consider alternatives to imprisonment such as (though not exclusively) release on recognizance, parole, or electronic monitoring; and (3) the adjudicator must meaningfully consider Petitioner's ability to pay if a monetary bond is set.

### III. CONCLUSION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus is GRANTED. Within **fourteen calendar days** from the date of this Order, Respondents shall provide an individualized bond hearing to Petitioner to determine whether his detention is justified, and within one business day thereafter shall advise the Court of the outcome of the hearing. The bond hearing must include the procedural safeguards described in this Opinion. Should Respondents

fail to provide such a hearing, Respondents shall release Petitioner from detention within fourteen calendar days from the date of this Order.

SO ORDERED.

Dated: February 14, 2020
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**